IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRAYLIN GRAY, | ) | 4:13CV3026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 6, 2013. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the Tecumseh State Prison ("TSP") in Tecumseh, Nebraska. (*See* Docket Sheet.) He filed his Complaint against the Nebraska Department of Correctional Services ("NDCS"), and nine NDCS and TSP employees including NDCS Director Robert Houston, NDCS Deputy Director Frank Hopkins, NDCS Deputy Director Robin Spindler, NDCS Deputy Director Larry Wayane, TSP Warden Francis Britten, TSP Deputy Warden Mr. Busboom, TSP Associate Warden Michelle Hillman, TSP Administrator Shawn Sherman, and TSP Officer Pam Hillman. (Filing No. 1 at CM/ECF pp. 1-2.) Liberally construed, Plaintiff alleges that Defendants were deliberately indifferent to his exercise needs.

Plaintiff alleges that he suffers from hypertension. (*Id.* at CM/ECF p. 7.) In August and September 2012, Defendant Pam Hillman sentenced Plaintiff to 47 days of "room restriction" for various violations of TSP rules. Plaintiff alleges that during

periods of room restriction, inmates are not provided "one hour exercise[] out of their cell five days per week." (*Id.* at CM/ECF p. 8.) Plaintiff alleges that he filed inmate requests forms with Defendants Mr. Busboom, Fred Britten, and Michelle Hillman asking to be allowed to exercise outside of his cell for one hour five days per week because of his hypertension. (*Id.* at CM/ECF pp. 10-12.) These Defendants denied Plaintiff's requests. (*Id.*)

Plaintiff alleges that he also filed an informal grievance with his case manager in which he alleged he was being denied his right to exercise. (*Id.* at CM/ECF p. 13.) Plaintiff's case manager denied his grievance, and responded that Plaintiff's room restriction "prohibits exercise outside the cell other than walking to and from passes, weekly religion, and participation in three institutional meals." (*Id.* and CM/ECF p. 13.) Plaintiff appealed the denial of this grievance to Defendants Francis Britten and Frank Hopkins, who also denied Plaintiff's requests. (*Id.* at CM/ECF pp. 13-14.) In denying Plaintiff's request, Plaintiff alleges that Defendant Frank Hopkins stated:

> Because of being on room restriction, your activities are limited. While you cannot spend time on the yard or in the gymnasium, you do have opportunities to leave your cell to walk to a weekly religion service, meals or passes. You can also exercise in your cell.

(*Id.* at CM/ECF p. 14.)

As relief for the denial of his right to exercise, Plaintiff seeks declaratory and injunctive relief, and monetary damages in the amount of $950,000.00. (*Id.* at CM/ECF pp. 18-19.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court

must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. A constitutional violation exists if Defendants were deliberately indifferent to Plaintiff's exercise needs. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id.* Factors the court should consider in reviewing Plaintiff's lack-of-exercise claim are: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement. *Id.* Finally, "[c]laims under the Eighth Amendment require a compensable injury to be greater than de minimus," however, "[n]o clear line divides de minimus injuries from others." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in

order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff alleged that he was on room restriction for 47 days. Plaintiff's allegations reflect that he was allowed to leave his cell daily to attend three meals, that he was allowed to exercise in his cell, and he was also allowed to leave his cell to attend religious services and on "passes." (Filing No. 1 at CM/ECF pp. 13-14.) Plaintiff did not allege that he suffered any injury or decline in health during these 47 days. In addition, Plaintiff did not allege that he was physically unable to exercise in his cell. Plaintiff's allegations fail to state an Eighth Amendment claim upon which relief may be granted.

On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege an Eighth Amendment claim upon which relief may be granted. Any amended complaint must restate the allegations of Plaintiff's prior Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted. On the court's own motion, he shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. Any amended complaint must restate the allegations of the current complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

2.    If Plaintiff fails to file an amended complaint or if Plaintiff's allegations are not sufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3.    The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on August 2, 2013.

DATED this 2nd day of July, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.