IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRAYLIN GRAY, | |
| Plaintiff, | 4:13CV3026 |
| vs. | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, ROBERT HOUSTON, Director, NDCS; FRANK X. HOPKINS, Deputy Director, Institutions; ROBIN SPINDLER, Deputy Director, Administrative Services; LARRY WAYANE, Deputy Director, Program and Community Services; FRANCIS BRITTEN, Warden, Tecumseh State Correctional Institution; SCOTT BUSBOOM, MICHELLE (HILLMAN) CAPPS, SHAWN SHERMAN, Unit Administrator, Tecumseh State Correctional Institution; and PAM HILLMAN, Chairperson for UDC/IDC Disciplinary Committee, Tecumseh State Correctional Institution; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Plaintiff Graylin Gray's correspondence, which the court construes as a motion for refund. ([Filing No. 17](#).)

Gray filed this action on February 6, 2013 and was granted leave to proceed in forma pauperis ("IFP") on March 25, 2013. ([Filing No. 1](#); [Filing No. 7](#).) Gray paid his initial partial filing fee on April 3, 2013, and monthly payments were collected and submitted to the court by his institution thereafter. On July 2, 2013, the court conducted an initial review of Gray's Complaint and concluded his

allegations failed to state a claim upon which relief may be granted. (Filing No. 11.) The court gave Gray leave to file an amended complaint, and Gray filed his Amended Complaint on July 17, 2013. (Filing No. 13.) On September 18, 2013, the court, on its own motion, struck its previous Memorandum and Order granting Gray's motion to proceed IFP as it appeared upon further review that Gray was not entitled to proceed IFP pursuant to the Prison Litigation Reform Act's ("PLRA") "3 strikes" provision. (Filing No. 14.) *See* 28 U.S.C. § 1915(g). The court determined three cases brought by Gray were dismissed because they were frivolous[1] and ordered Gray to show cause why he is entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g) or, alternatively, to pay the remainder of the court's $400.00 filing and administrative fees by October 18, 2013. Gray did not file a response to the court's order to show cause, and the court denied Gray's motion to proceed IFP and dismissed the matter without prejudice on November 5, 2013. (Filing Nos. 15 & 16.) Gray did not file an appeal, and his last partial filing fee payment was collected on April 13, 2018.

Gray now asks the court to order the clerk to return the full $350.00 filing fee to him and argues that his institution lacked authority to collect the monthly payments and forward them to the court pursuant to the stricken Memorandum and Order granting Plaintiff's IFP motion. (Filing No. 17.) Gray gives no explanation why he waited more than six years after the court dismissed this action, and almost two years since his institution ceased collecting payments, to object to the continued collection and remittance of partial filing fee payments to the court. In any case, the court finds that a refund of any of Gray's filing fee payments is unwarranted under the circumstances. As the Eighth Circuit has explained, "[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v.*

---

[1] The three cases identified by the court were *Gray v. Grammar*, No. 4:95CV3446 (D. Neb.), dismissed as frivolous on April 18, 1996; *Gray v. Smith*, No. 4:95CV3405 (D. Neb.), dismissed as frivolous on March 15, 1996; and *Gray v. Grammar*, No. 4:95CV3404 (D. Neb.), dismissed as frivolous on Feb. 14, 1996.

2

*Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Thus, the court's determination that it had erroneously granted Gray leave to proceed IFP when he was not so entitled pursuant to the "three strikes" provision in 28 U.S.C. § 1915(g) does not necessarily mandate the refund of money Gray already paid toward the filing fee nor does it suggest the necessity of refunding money paid after Gray's action was dismissed. *See Yonai v. Harris*, No. CIVS06-2487 MCE GGHP, 2007 WL 3340933, at *1 (E.D. Cal. Nov. 8, 2007) ("In any event, a finding that plaintiff is a three strikes candidate does not necessarily mean a refund of the money already paid by plaintiff toward the filing fee."); *see also Judd v. Fed. Corr. Inst. at Fort Dix New Jersey*, No. CIV. 02-5305 JBS, 2012 WL 3060933, at *2 (D.N.J. July 25, 2012) (noting denial of inmate's request for refund of filing fee payments made after action dismissed pursuant to three strikes provision and inmate's failure to pay the filing fee in full within timeframe ordered by the court).

IT IS THEREFORE ORDERED that: Plaintiff's correspondence, construed as a motion for refund (filing no. 17), is denied.

Dated this 28th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge